IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 19-296 |
| JUANEL ROBLES-OTANEZ | : | |

**<u>MEMORANDUM</u>**

**SURRICK, J.**                                               **OCTOBER 28, 2020**

Defendant Juanel Robles-Otanez was declared incompetent to stand trial in August of 2019.  He now seeks to have his Indictment dismissed, claiming that his continued detention violates his rights under the Speedy Trial Act, 18 U.S.C. § 3161.  (ECF No. 48.)  Defendant's Motion concerns the relationship between two provisions of the Speedy Trial Act that exclude time from the 70-day period in which a criminal defendant must be brought to trial:  (1) the provision excluding any time "resulting from the fact that the defendant is mentally incompetent . . . to stand trial," *see* 18 U.S.C. § 3161(h)(4); and (2) the provision providing that any delay "resulting from transportation of any defendant . . . to and from places of examination or hospitalization" beyond ten days is presumptively unreasonable, *see* 18 U.S.C. § 3161(h)(1)(F). Due to an administrative oversight by the United States Marshals Service, Defendant was not transported to a facility for Court-ordered medical treatment and possible rehabilitation after he was deemed incompetent to stand trial.  Defendant contends that this was an unreasonable transportation delay under § 3161(h)(1)(F), warranting dismissal of the Indictment.  However, as set forth below, because Defendant was found mentally incompetent to stand trial, the delay that occurred constitutes excludable time under § 3161(h)(4), regardless of whether an unreasonable transportation delay occurred.  Accordingly, dismissal of the Indictment is not required.

I.      **BACKGROUND**

The facts relevant to this motion are not in dispute.  On April 30, 2019, Defendant was charged by Complaint with one count of possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1), and aiding and abetting, in violation of 18 U.S.C § 2.  (ECF No. 1.)  He was arrested the same day.  (*See* Min Entry.) On May 22, 2019, Defendant was indicted for this crime.  (ECF No. 13.)

Trial was originally scheduled for July 8, 2019.  (ECF No. 22.)  Defendant requested several trial continuances.  The first request was on June 11, 2019 so that the parties could discuss non-trial disposition.  (ECF No. 24.)  That request was granted on June 28, 2019.  (ECF No. 25.)  On July 17, 2019, defense counsel requested a continuance of Defendant's change of plea hearing to address issues of Defendant's competency.  (ECF No. 29.)  On July 23, 2019, an Order was entered directing the United States Pretrial Services to arrange for a competency evaluation of Defendant.  (ECF No. 30.)  On July 31, 2019, Dr. Jeffrey Summerton, M.D., evaluated Defendant at the Federal Detention Center in Philadelphia.  Dr. Summerton issued a report on August 7, 2019, concluding that Defendant was not competent to proceed with his case. (ECF No. 33, Ex. 1.)

On August 21, 2019, an Order was entered declaring Defendant incompetent to stand trial and requiring that Defendant undergo treatment:

> Based on the evaluation of the defendant by Dr. Jeffrey Summerton, the Court finds by a preponderance of the evidence that the defendant Juanel Robles-Otanez incompetent to the extent that he is unable to understand nature and consequences of the proceedings against him and to assist properly in his defense, pursuant to 18 U.S.C. § 4241(d).
>
> Accordingly, the defendant Juanel Robles-Otanez shall be committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility for a reasonable period of time, not to exceed 120 days from the date defendant arrives at the facility unless later extended by Court order, as necessary to determine

2

whether there is substantial possibility that in the foreseeable future he will attain the capacity to permit the case to proceed.

(Aug. 21 Order, ECF No. 35.)

The United States Marshals Service received at least two copies of the August 21 Order. Unfortunately, they "overlooked the directive that they transfer the defendant to the treatment facility." (Gov't's Resp. 2, ECF No. 49.)  As a result, Defendant has remained in custody at the Federal Detention Center in Philadelphia since the August 21 Order.  Defendant has not received any treatment to regain competency.

Defendant now seeks to dismiss the indictment, arguing that his more than year-long custody violates the Speedy Trial Act, 18 U.S.C. § 3161.  (Defs.' Mot., ECF No. 48.)  The Government opposes the Motion.  Neither defense counsel nor counsel for the Government informed the Court that Defendant had not been transported for court-ordered medical treatment. The Court first learned about the oversight by the U.S. Marshal's Service in this Motion.

## II.   DISCUSSION

The Speedy Trial Act requires a defendant to be brought to trial within 70 days from the date of arrest, the filing of the indictment or information, or the first appearance before the court, whichever occurs last. 18 U.S.C. § 3161(c)(1).  If the defendant is not brought to trial within this 70-day period, the Act requires that the indictment be dismissed, either with or without prejudice.  18 U.S.C. § 3162(a)(2).  However, there are certain time periods that are excluded from (or not counted toward) the 70-day period.  These periods are set forth in section 3161(h) of the Speedy Trial Act.  Sections 3161(h)(1)(F) and 3161(h)(4) describe the excludable time periods relevant to this Motion:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . .

> (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

. . .

(4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

18 U.S.C. § 3162(h).

Defendant argues that dismissal is appropriate under 18 U.S.C. § 3162(h)(1)(F) because only ten days may be excluded for transportation to places for hospitalization. He contends that because he was never transported to a medical facility for treatment, all time that has accrued since he was found incompetent is not excludable under the Speedy Trial Act.[1] Defendant's argument is not novel.

Although the Third Circuit has not squarely addressed the issue, the overwhelming weight of authority contradicts Defendant's argument.[2] Cases from at least three other circuit courts—the Seventh Circuit, the Ninth Circuit, and the Eleventh Circuit—have all concluded that

---

[1] Defendant does not contest the delay resulting from his request for a continuance to discuss non-trial disposition nor the delay that occurred while his competency was pending before the Court. He concedes that both delays were excludable under the Speedy Trial Act.

[2] The Third Circuit has found that an unreasonable transportation delay under 18 U.S.C. § 3162(h)(1)(F) is not excluded even while a motion to determine competency is pending. *See United States v. Williams*, 917 F.3d 195, 202 (3d Cir. 2019) (holding that "periods of unreasonable delay of more than ten days in the transport of a defendant to the site of a psychological examination conducted in the course of a proceeding to determine a defendant's mental competency are non-excludable for purposes of computing the time within which the Government must commence a trial of a defendant under the Speedy Trial Act"). In a footnote, the Court made clear that its holding had no bearing on the interplay between section 3161(h)(1)(F) and section 3161(h)(4). *Id*. at 203 n.7.

once the speedy trial clock is stopped under §3161(h)(4) upon a judicial finding of incompetence, any transportation delays occurring thereafter only occur while the clock has already been stopped and therefore do not count against any speedy trial calculations.  *See United States v. Patterson*, 872 F.3d 426, 433-34 (7th Cir. 2017) (excluding seventh-month delay between the defendant's remand to federal custody for treatment and his transfer to FMC Butner for treatment pursuant to § 3161(h)(4) and rejecting transportation-delay argument); *United States v. Romero*, 833 F.3d 1151, 1155 (9th Cir. 2016) (finding that "§ 3161(h)(4) applies upon a finding of incompetence as a matter of definition and irrespective of how a court may view it in a particular case," and that once § 3161(h)(4) applies, it trumps the ten-day transportation delay limitation under § 3161(h)(1)(F) (internal quotation marks omitted)); *United States v. Pendelton*, 665 F. App'x 836, 839 (11th Cir. 2016) ("[I]f a defendant is mentally incompetent under § 3161(h)(4), that time is excludable even if there is also a transportation delay that is unreasonably long and thus not excludable under § 3161(h)(1)(F).").  We are aware of no circuit court that has held to the contrary.

Moreover, numerous district courts in the Third Circuit and in other circuits have reached the same conclusion.  In *United States v. DeGideo*, No. 04-100, 2004 WL 1240669, at *4 (E.D. Pa. May 18, 2004), a case very similar to this one, the court denied a request to dismiss an indictment on Speedy Trial Act grounds.  In *DeGideo*, an administrative oversight caused a six-month delay in transporting the mentally incompetent defendant to a medical facility for treatment.  *Id*.  The court concluded that the delay was excludable because it "was primarily the result of the Court's finding of mental incompetency, which is explicitly excluded under § 3161(h)(4)" and thus, the "delay in treatment was subsidiary to the prior finding that Defendant was mentally incompetent."  *Id*.; *see also United States v. Almendarez*, No. 13-130, 2015 WL

1898055, at *7 (W.D. Pa. Apr. 27, 2015) (finding a five-month delay in transporting mentally

incompetent defendant for rehabilitative medical treatment was excludable under section

3161(h)(4) because "the errors by all involved [that] delayed restorative treatment" were "not the

cause of [the defendant's] incompetence"); *United States v. Hatter*, No. 14-1811, 2015 WL

1511015, at *3 (S.D. Cal. Mar. 19, 2015) (concluding that two-month delay in transporting

incompetent defendant to treatment was excludable because "[c]lerical errors and unavailable

bedspace for treatment may have delayed restorative treatment but they are not the cause of [the

defendant's] incompetence"). *But see United States v. Sparks*, 885 F. Supp. 2d 92, 101 (D.D.C.

2012) (concluding that mentally incompetent defendant's Speedy Trial Act rights were violated

by a one-month delay in transporting him for psychiatric treatment); *United States v. Dellinger*,

980 F. Supp. 2d 806, 811-12 (E.D. Mich. 2013) (finding "it untenable to conclude that an

unreasonable transportation delay due to negligence by the U.S. Marshal's Service result[ed]

from Defendant's mental incompetence) (internal quotation marks omitted).

Defendant was declared incompetent by this Court on August 21, 2019.  From that point

on, all time is excluded from Speedy Trial Act calculations until such time as he may be declared

competent to stand trial.  The exclusion for all time that Defendant is deemed incompetent

operates regardless of the subsequent delay in transporting him to a medical facility for

treatment, even if that delay was unreasonable and the result of administrative oversight.  In

short, section 3161(h)(4) controls over section 3161(h)(1)(f).

Our holding is supported by a plain reading of the statute and the legislative history of the

Speedy Trial Act.  Section 3161(h)(4) unequivocally excludes "*any period of delay* resulting

from the fact that the defendant is mentally incompetent."  *Id*. (emphasis added).  The section is

unambiguous and, unlike section 3161(h)(1)(F), contains no time limit.  Had Congress wanted to

impose a time restriction or subject this provision to a similar reasonableness requirement as it did in the transportation delay provision of section 3161(h)(1)(F), it would have done so. "To graft such a restriction onto the clear language of § 3161(h)(4) would do damage to the intent of Congress." *DeGideo*, 2004 WL 1240669, at *4; *see also United States v. Bashar*, 3 F. Supp. 3d 541, 543 (E.D. Va. 2014) ("The full length of an incompetence delay is automatically excludable because the statute contains no time limit on the length of such a delay.").

In addition, the House Report for section 3161(h)(4) states that the section "provides for the exclusion from the time limits between arrest and trial of the period during which a defendant is incompetent to stand trial." H.R. REP. NO. 93–1508, at 33 (1974), as reprinted in 1974 U.S.C.C.A.N. 7401, 7426. The legislative intent and purpose of section 3161(h)(4) makes sense. As the Supreme Court "has repeatedly and consistently recognized . . . 'the criminal trial of an incompetent defendant violates due process.'" *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quoting *Medina v. California*, 505 U.S. 437, 453 (1992)). "Thus, it would make little sense for the [Speedy Trial Act], which is concerned with ensuring defendants are promptly tried, to penalize the government for failing to indict and bring to trial a defendant who could not constitutionally be tried in the first place." *United States v. Beler*, No. 19-100, 2019 WL 5789747, at *12 (D.D.C. Nov. 6, 2019) (holding that once a defendant is deemed incompetent, section 3161(h)(4) excludes all periods of time thereafter).

We recognize that a mistake was made here. However, defense counsel raised the issue of Defendant's mental incompetency and sought a continuance based on that examination. Thereafter, defense counsel never informed the Court that his client had not been sent for Court-ordered medical treatment. Regardless, the language of the Speedy Trial Act unequivocally excludes any time that a criminal defendant has been deemed incompetent. Accordingly, all time

after Defendant was found incompetent on August 21, 2019, is excluded in the speedy trial calculations.  There has been no violation of the Speedy Trial Act.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment will be denied. An appropriate order follows.

**BY THE COURT:**

**_/s/ R. Barclay Surrick_**
**R. BARCLAY SURRICK, J.**